IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | No. 10 C 1507 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| TOPSAIL SPORTSWEAR, INC., and PALDO SIGN AND DISPLAY COMPANY | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Hartford Casualty Insurance Company ("Hartford"), has sued defendants,

Topsail Sportswear, Inc. ("Topsail"), and Paldo Sign and Display Company ("Paldo Sign"),

seeking a declaration that it has no duty to defend and/or indemnify Topsail in an underlying

lawsuit pending in the Circuit Court of Cook County. Topsail has failed to appear or answer the

complaint. Paldo Sign has answered the complaint and moved to transfer venue to the United

States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §1404(a).

For the reasons discussed below, the motion is granted.

## BACKGROUND

Paldo Sign, an Illinois corporation with its principal place of business in Illinois, has

brought a class action complaint in the Circuit Court of Cook County, Illinois, against Topsail, a

North Carolina Corporation with its principal place of business in Hampstead, North Carolina,

alleging violations of the Telephone Consumer Protection Act ("TCPA"). Hartford, which from

September 2002 to September 2007 insured Topsail under two insurance policies, is defending

Topsail in that action under a reservation of rights. In the instant action, Hartford has sued

Topsail for a declaration that it owes Topsail no duty to defend or indemnify. Hartford has

named Paldo Sign as a potentially interested party. Topsail has failed to appear and is in technical default. Paldo Sign has moved to transfer the case to the Eastern District of North Carolina, where Topsail is located.

## DISCUSSION

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court may transfer the case to another jurisdiction when: (1) venue is proper in both the transferor and the transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986). The moving party has the burden of showing that the circumstances favor a transfer. *Moore v. Motor Coach Industries, Inc.,* 487 F.Supp.2d 1003, 1006 (N.D. Ill. 2007). A transfer must promote the efficient administration of justice, rather than simply shift the inconvenience from one party to the other. See *Black v. Mitsubishi Motors Credit of America, Inc.,* 1994 WL 424112, (N.D. Ill. Aug. 10, 1994).

In evaluating the convenience and fairness of a transfer, the court must consider relevant private and public interests. The private interests include: (1) plaintiff's initial choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigation in a particular forum. *Lyons v. Illinois Central Railroad* 2009 WL 5125218 (N.D. Ill. 2009) (Citing *Georgouses v. NaTec*

*Resources, Inc.,* 963 F. Supp. 728, 730 (N.D. Ill. 1997)). "Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale." *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Limited Partnership,* 807 F. Supp. 470, 474 (N.D. Ill. 1992).

Because both parties have agreed that venue is proper in both Illinois and North Carolina, the only remaining question is whether a transfer would serve the convenience of the parties and witnesses, and the interest of justice. *Coffey v. Van Dorn Iron Works,* 796 F.2d at 219. In an almost identical set of facts, Judge Lindberg granted a motion to transfer in *Auto-Owners Insurance Company v. Brink's Manufacturing Company, and G.M. Sign, Inc.,* No. 09 C 7325 (N.D. Ill. March 17, 2010, Lindberg, J.). In *Auto-Owners,* G.M. Sign had sued Brink's Manufacturing Company ("Brinks") in Illinois for a violation of the TCPA. Auto-Owners Insurance ("Auto-Owners") sued Brink's and G.M. Sign, Inc. in Illinois seeking a declaration that it had no duty to defend or indemnify Brinks in the underlying lawsuit. Auto-Owners was defending Brinks under a reservation of rights. G.M. Sign then moved to transfer Auto-Owners' declaratory action to Minnesota, where Brinks was incorporated. Judge Lindberg granted that motion and transferred the case to Minnesota, reasoning that because neither side had produced witness lists, the convenience of witnesses was not a factor, and that the interest of justice was better served by a court with applicable familiarity with the governing law. In *Auto-Owners*, the governing state law was Minnesota, because the policy had been solicited, negotiated, delivered, and executed in Minnesota.

In similar cases, this court tends to give deference in declaratory relief cases to the forum where the insurance policy has been solicited, negotiated, delivered, and executed. See, e.g., *St.*

*Paul Fire and Marine Insurance Co. v. Franklin Bank, S.S.B. and G.M. Sign.,* 2006 WL 3197727 (N.D. Ill. 2006) (transferring venue to Texas; where the insurance policy had been solicited, negotiated, delivered, and executed.); *St. Paul Fire and Marine Insurance Co. v. Brother International Corporation,* 2006 WL 1543275 (N.D.Ill. 2006) (transferring venue to New Jersey, where the insurance contract was formed and the defendant's business decisions were made.); *TIG Insurance Co. v. Brightly Galvanized Products, Inc.,* 911 F. Supp. 344, 345-46 (N.D. Ill. 1996) (denying a motion to transfer a declaratory action to the underlying lawsuit's venue, because the relevant insurance documents and witnesses were in Illinois); *Washington National Life Insurance Co. v. Calcasieu Parish School Board,* 2006 WL 1215413 (N.D. Ill. 2006) (transferring a declaratory action to Louisiana after finding, inter alia, that the situs of material events regarding the insurance policy favored Louisiana).

In the instant case, Paldo Sign has moved to transfer venue to the district in which Topsail's resides. Neither Hartford nor any of the defendants have provided a witness list, so the convenience of non-party witnesses is moot. Paldo Sign has already consented to North Carolina's jurisdiction and has waived all jurisdictional objections. Hartford will be inconvenienced equally (if at all) the same amount in either venue, because it maintains offices in both North Carolina and Illinois. Topsail is incorporated under the laws of North Carolina and maintains its headquarters there. Any information about the insurance policies and their execution would be in North Carolina. "The events material to this case…are the decisions made in relation to (including the interpretation of) the insurance policies between [the insurer] and [the insured], none of which occurred in Illinois." *Franklin Bank,* 2006 WL 3197727 at 2. Hartford contends that today's technology allows fast and easy access to most documents and

materials. The original site of the insurance policy materials, however, remains the easiest and most convenient access for all parties. Therefore, North Carolina is more convenient to all parties.

Hartford argues that, as plaintiff, its choice of forum should be given substantial weight. "Although the plaintiffs' choice has been given substantial weight in some cases…it is not the only factor a court must consider. [P]laintiff's choice of forum has diminished in significance since the enactment of § 1404(a). Moreover, the weight given to plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." *Von Holdt v. Husky Injection Molding Systems, Ltd.,* 887 F. Supp. 185, 188 (N.D. Ill. 1995) (internal citations omitted). Illinois' only connection to the instant case involves the underlying lawsuit. The facts needed to decide Hartford's liability can be found in the insurance policies and in the events surrounding the execution of those policies. Therefore, the operative facts giving rise to the claim revolve around North Carolina rather than Illinois.

The final question is whether the transfer serves the interest of justice. "Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale." *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Limited Partnership,* 870 F. Supp. 470, 474 (N.D. Ill. 1992). The Hartford insurance policy in this case was solicited, negotiated, delivered, and executed in North Carolina. The premiums were paid in North Carolina, and Hartford admits that North Carolina law governs the interpretation of the insurance policies. Hartford argues that this court has previously applied the laws of other states, and therefore will have no trouble applying the laws of North Carolina. "In a diversity action it is…considered advantageous to have federal judges try a case who are familiar with the

applicable state law." *Coffey v. Van Doren Iron Works,* 796 F.2d 217, 221 (N.D. Ill. 1986). Although it is true that this court has applied a multitude of state laws over its history, the interest of justice suggests that this court should defer to courts the North Carolina district court, which is more experienced with the law applicable to this case.

Finally, Hartford argues that the case would be resolved quicker in the instant court and has has attached statistics to support that contention. Although these statistics suggest a slightly shorter period from filing to trial in the instant court, this disparity is not so substantial to outweigh the other factors. The only connection this case has to Illinois is that the underlying claim was filed here and Paldo Sign is a resident corporation. If Paldo Sign was incorporated and had its primary place of business in Iowa, then Hartford would have filed this suit in Iowa. This dispute involves the interpretation of an insurance policy under North Carolina law. The documents and key witnesses are in North Carolina, and Topsail is located in North Carolina. The district court in the Eastern District of North Carolina is the most convenient forum.

## CONCLUSION

For the aforementioned reasons, defendant Paldo Sign's motion to transfer venue to the Eastern District of North Carolina is granted.

**ENTER:**      **July 8, 2010**

**Robert W. Gettleman**
**United States District Judge**